Mike Rodenbaugh
California Bar No. 179059
Marie Richmond
California Bar No. 292962
RODENBAUGH LAW
548 Market Street
San Francisco, CA  94104
(415) 738-8087

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BIOHEALTH LABORATORY, INC., a California corporation, and IP HOME, LLC, a Wyoming limited liability company,<br><br>         Plaintiffs,<br><br>         vs.<br><br>IAN FERNANDO, an individual, dba BIO HEALTH RESEARCH, and JERSEY CONSOLIDATED LLC,<br><br>         Defendants. | Case No. 14-5730<br><br>**COMPLAINT FOR:**<br><br>1.  Trademark Infringement;<br>2.  Trademark Counterfeiting;<br>3.  Cybersquatting;<br>4.  Wire Fraud;<br>5.  Unfair Competition under Lanham Act §43(a);<br>6.  Federal Common Law Unfair Competition;<br>7.  Unfair Competition Under Cal. Bus. & Prof. Code §17200 *et seq*., and;<br>8.  Declaratory Judgment.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs BIOHEALTH LABORATIORY, INC. ("BioHealth") and IPC HOME, LLC (collectively "Plaintiffs"), by their attorneys, for their Complaint allege:

Complaint - 1

## NATURE OF ACTION

Plaintiffs seek a finding that Defendants infringe Plaintiffs' BIOHEALTH trademark by marketing and selling a weight loss product using Plaintiffs' BIOHEALTH trademark, confusing consumers as to the source of the parties' products and services. Plaintiffs also seek a finding that Defendants engage in cybersquatting by their bad faith registration and use of confusingly similar domain names. Plaintiffs also seek a finding that Defendants engage in wire fraud through their websites and advertisements, and by misdirecting consumer complaints to Plaintiff BioHealth Laboratory ("BioHealth"). Plaintiffs also seek relief for Defendants' bad faith actions constituting unfair competition under Lanham Act §43(a), federal common law unfair competition, and unfair competition in violation of California Business & Professions Code § 17200 *et seq*.

## JURISDICTION AND VENUE

1. Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1125 and the ACPA, 15 U.S.C. § 1125(d), giving this Court original and exclusive jurisdiction in a civil action arising under the trademark, cybersquatting and unfair competition laws of the United States. Pendent jurisdiction exists over the state law claims.

2. This Court has personal jurisdiction over Defendants because the Defendants have sufficient contacts with the State of California and this judicial District subjecting them to the general and specific personal jurisdiction of this Court pursuant to Cal. Code Civ. Pro. § 410.10. Defendants have purposefully availed themselves of this forum through general business presence, by initiating an administrative proceeding seeking to cancel Plaintiffs' federal trademark registration, by conducting their infringing conduct in this District, and by targeting their infringing conduct at Plaintiffs in this District.

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

3.     Venue is proper in this Judicial District under 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendants and because Plaintiffs' claims arise from Defendants' activities in and targeted to this District.

## THE PARTIES

4.     Plaintiff BioHealth Laboratory, Inc., is a California corporation with its principal place of business in Torrance, California.

5.     Plaintiff IP Home, LLC, is a Wyoming limited liability company with its principal place of business in Cheyenne, Wyoming. IP Home owns the BIOHEALTH and BIOHEALTH LABORATORIES marks (collectively "BIOHEALTH Marks") and other intellectual property exclusively licensed to Plaintiff BioHealth.

6.     Upon information and belief, Defendant Ian Fernando ("Fernando") is an individual with an address in Matawan, New Jersey, who does business as BioHealth Research with a principal place of business at 349 5th Ave, New York, NY 10016.

7.     Upon information and belief, Defendant Jersey Consolidated LLC ("Jersey") is purportedly a New York limited liability company, owned and controlled by Defendant Ian Fernando, with a principal place of business at 349 5th Avenue, New York, NY 10016.

## FACTUAL BACKGROUND

### Plaintiffs' Business and Trademarks

8.     Established in 1999, Plaintiffs have been committed to improving the health of patients by providing convenient and effective clinical solutions to health professionals worldwide. Plaintiffs provide functional laboratory testing as a means to accurately establish the underlying causes of health problems and monitor the effectiveness of treatments. Plaintiffs also support health professionals with specialized training. Plaintiffs also manufacture and sell dietary and nutritional supplements under the BIOHEALTH mark.

9. Plaintiff IP Home owns and exclusively licenses to Plaintiff BioHealth numerous United States Federal trademark registrations and applications for the BIOHEALTH Marks, including:

   a. BIOHEALTH LABORATORIES, registration no. 4096099, first used in commerce January 1, 2001, in International Class 44 (providing a web site featuring medical information);

   b. BIOHEALTH, registration no. 4095993, first used October 15, 2007, first used in commerce May 7, 2011, in International Class 44 (providing a website featuring information about health, wellness and nutrition);

   c. BIOHEALTH, registration no. 4214998, first used in commerce June 29, 2012, in International Class 5 (dietary and nutritional supplements); and,

   d. BIOHEALTH, application serial no. 86234767, first used in commerce January 1, 2000, in International Class 1 (diagnostic preparations for clinical or medical laboratory use) and Class 5 (diagnostic kits comprised of medical diagnostic reagents and assays for testing of bodily fluids for use in disease detection, namely, hormone, immune, digestive, infectious pathogens, chronic disease, autoimmune, and organ d[y]sfunctions).

10. Plaintiff BioHealth offers services and products under the BIOHEALTH Marks, which have been in continuous use in commerce since as early as January 1, 2000. During this time consumers have come to associate Plaintiff BioHealth and its services with the BIOHEALTH Marks.

**Defendant's Actions and Infringement**

11. Upon information and belief, Defendants have registered and used numerous clearly infringing domain names in bad faith, with intent to profit from Plaintiffs' BIOHEALTH Marks, including, but not limited to the following (the "Domain Names"):

   <biohealthgarciniacambogia.com>

1. &lt;biohealthresearch.com&gt;
2. &lt;biohealthgarciniacambogiablog.com&gt;
3. &lt;biohealthgarciniacambogian.com&gt;
4. &lt;biohealthgarciniacambogiabuy.com&gt;
5. &lt;biohealthgarciniacambogia.org&gt;
6. &lt;biohealthgarciniacambogia.net&gt;
7. &lt;biohealthgarciniacambogiasite.com&gt;
8. &lt;biohealthgarciniacambogias.net&gt;
9. &lt;biohealthgarciniacambogiafact.com&gt;
10. &lt;biohealthgarciniacambogiareview.com&gt;
11. &lt;biohealthgarciniacambogiafacts.com&gt;
12. &lt;biohealthgarciniacambogiareviews.com&gt;
13. &lt;biohealthgarciniacambogiaextract.com&gt;

### *The BioHealth Garcinia Domain Name*

12. Upon information and belief, Defendant Fernando registered the domain name &lt;biohealthgarciniacambogia.com&gt; (the "BioHealth Garcinia Domain Name") on December 13, 2012. Shortly thereafter, Defendant Fernando employed a so-called privacy service to mask his identity and contact information in the public Whois database. Currently, the contact information on the Whois record is hidden by the privacy service.

13. The website associated with the BioHealth Garcinia Domain Name purports to sell a weight loss product called "BioHealth Garcinia Cambogia". The "BioHealth" mark is displayed prominently at the top of the home page and several more times throughout the text of the home page. The "contact" page of the website displays the text "Garcinia Cambogia BY BIOHEALTH RESEARCH" and Defendants' address in New York.

### *The BioHealth Research Domain Name*

14. Upon information and belief, Defendant Jersey and/or Defendant Fernando registered the domain name <biohealthresearch.com> (the "BioHealth Research Domain Name) on or about September 27, 2013.

15. The website associated with the BioHealth Research Domain Name directs users to the domain <store.biohealthresearch.com> where the website displays the text "100% Pure Products BioHealth Research" at the top of the page. The "BioHealth" mark is displayed numerous times throughout the page in both text and on product pictures. The website purports to sell a number of BioHealth branded products, including Garcinia Cambogia, Yacon Extract, Saffron Extract and more (collectively the "Garcinia Product").

### *Other Infringing Domain Names*

16. Upon Information and belief, Defendants have also registered at least 12 additional infringing domain names, including, but not limited to:
<biohealthgarciniacambogiablog.com> <www.biohealthgarciniacambogian.com>
<biohealthgarciniacambogiabuy.com> < biohealthgarciniacambogia.org>
<biohealthgarciniacambogia.net> <biohealthgarciniacambogiasite.com>
<biohealthgarciniacambogias.net> <biohealthgarciniacambogiafact.com>
<biohealthgarciniacambogiareview.com> < biohealthgarciniacambogiafacts.com>
<biohealthgarciniacambogiareviews.com> <biohealthgarciniacambogiaextract.com> (the "Infringing Domain Names").

17. Each of the Infringing Domain Names incorporates the Plaintiffs' BIOHEALTH mark in its entirety within the domain name itself. All of the websites associated with the Infringing Domains display the "BioHealth" mark within the website content, generally in context of selling Defendants' products, in many cases prominently at the top of the page.

18. Each of the Infringing Domains has employed a privacy service to hide the registrant's contact information within the public Whois records.

### *Infringing Content on Third-Party Websites*

19. Upon information and belief, Defendants control the content of numerous third-party websites, all of which display the Plaintiff's BIOHEALTH mark in the content of the websites controlled by Defendants for purposes of selling Defendants' products. These websites include, but are not limited to:

<www.facebook.com/pages/Biohealth-Garcinia-Cambogia/623372877722411>

<twitter.com/BiohealthGarcin>

<biohealthgarciniascambogia.weebly.com/1/post/2014/01/-biohealth-garcinia-cambogia.html>

< www.linkedin.com/groups/Buy-Biohealth-Garcinia-Cambogia-6594190>

<www.facebook.com/biohealthresearch>

<storify.com/taintte/biohealth-garcinia-cambogia-review-get-slimmer-swi>

<biohealthgarciniacambogian.blogspot.com>

<biohealthgarciniascambogia.wordpress.com>

<www.pinterest.com/pin/564638872004753262/>

<lounge.moviecodec.com/vs-forum/biohealth-garcinia-cambogia-supplement-get-slim-fit-without-any-exercise-335168/>

<trybiohealthgarciniacambogia.wordpress.com/2014/05/03/biohealth-garcinia-cambogia-review/>

www.scoop.it/t/why-all-celeb-media-buzzing-about-biohealth-garcinia-cambogia/p/4020571258/2014/05/01/biohealth-garcinia-cambogia-100-risk-free-trial

### *Other Infringing Conduct*

20. On or about December 15, 2013, Plaintiff BioHealth began receiving customer complaints via email and phone from consumers who purchased the Garcinia Product. Said consumers believed that Plaintiff BioHealth was associated with the Garcinia Product. Consumer complaints involved a variety of issues including, without limitation, requests for cancellation of trial offers, overcharges to credit cards, returns and refunds, order

cancellations, website functionality issues and temporary loss of hearing and upset stomachs due to product use.

21. In one instance, a disgruntled customer called Plaintiff BioHealth and told the customer service representative that she was told by Defendant BioHealth Research to call Plaintiff BioHealth's 1-800 number with regard to complaints about the Garcinia Product.

22. In another instance, a customer told Plaintiff BioHealth that she was told by Defendant BioHealth Research to call Plaintiff BioHealth to express her displeasure with BioHealth Research.

23. To date, such calls and emails continue to persist. Upon information and belief, Defendants intentionally misdirect such consumer complaints to Plaintiff BioHealth.

24. On March 28, 2014, a "cease and desist" letter was sent to Defendant Fernando, *inter alia* informing of Plaintiffs' rights in the BIOHEALTH trademark and requesting the transfer of the BioHealth Garcinia Domain Name. Plaintiffs have received no response.

25. On May 15, 2014, Defendant Jersey initiated a proceeding with the Trademark Trial and Appeal Board ("TTAB") to seek cancellation of Plaintiffs' federally registered BIOHEALTH trademark registration no. 4214998. Defendant Jersey, therein Petitioner, alleged it was damaged and will continue to be damaged by Plaintiffs' registration and use of the mark, due to likelihood of consumer confusion as to the source of goods associated with that mark. In its petition, Defendant Jersey stated that it "advertises, markets and sells a dietary and nutritional supplement using the unregistered trademark BioHealth," and admitted that Defendants had received the aforementioned cease and desist letter.

## COUNT I: TRADEMARK INFRINGEMENT

26. Plaintiffs reallege all of the above paragraphs of this Complaint.

27. Plaintiffs own and use a valid and legally protectable trademark. Plaintiffs began using the BIOHEALH Marks in commerce at least as early as January 1, 2000. Plaintiffs have used the mark continuously in U.S. commerce since that date.

28. Plaintiffs' use of their BIOHEALTH Marks predates that of Defendants by over 12 years.

29. Defendants' use of the BIOHEALTH trademark to identify their goods and services causes a likelihood of confusion because the product name, BioHealth Garcinia Cambogia, and Defendants' business name, BioHealth Research, incorporate Plaintiffs' entire federally registered BIOHEALTH trademark in conjunction with generic terms. The Garcinia Product is a nutritional supplement, and Plaintiffs also offer nutritional supplements, had done so well prior to Defendants' first sale, and have obtained federal trademark registration for such product dating to 2011.

30. Defendants' actions are likely to lead consumers to mistakenly believe that Defendants' products and websites are connected with, sponsored by, or in some way approved by Plaintiffs.

31. Moreover, Defendants have demonstrated a bad faith intent to profit from Plaintiffs' BIOHEALTH Marks, and have intentionally confused consumers into believing that the Defendants' products are associated with Plaintiff BioHealth.

## COUNT II: TRADEMARK COUNTERFEITING

32. Plaintiffs reallege all of the above paragraphs of this Complaint.

33. Defendants further have used and trafficked in a spurious mark which is identical with, or substantially indistinguishable from, Plaintiffs' registered BIOHEALTH Marks.

34. Defendants have deceived and attempted to deceive consumers into buying what they believe are Plaintiffs' genuine branded goods, and into contacting Plaintiffs with complaints about Defendants' goods.

35. These actions have been willful, and likely to lead consumers to mistakenly believe that Defendants' products and website are connected with, sponsored by, or in some way approved by Plaintiffs.

## COUNT III: VIOLATION OF THE ACPA

36. Plaintiffs reallege all of the above paragraphs of this Complaint.

37. Defendants further had a bad faith intent to profit when they registered and used the BioHealth Garcinia Domain Name, the BioHealth Research Domain Name and the 12 additional Infringing Domain Names, which incorporate Plaintiff's BIOHEALTH trademark in its entirety.

38. The BioHealth Garcinia and Bio Helath Research Domain Names direct consumers to websites selling Defendants' products, that display the BIOHEALTH trademark prominently at the top of the home page, which is likely to lead customers to believe that the websites are associated with Plaintiff.

39. The Infringing Domain Names all direct consumers to websites that display the BIOHEALTH trademark within the content of the website, in the context of selling Defendants' products, and in most cases prominently at the top of the page.

40. Defendant knew that the BIOHEALTH Marks were distinctive at the time Defendant registered and used the Domain Names.

## COUNT IV: WIRE FRAUD

41. Plaintiffs reallege all of the above paragraphs of this Complaint.

42. Defendants further have knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises from consumers when they sold the Garcinia Product and directed consumer complaints about such products to Plaintiff BioHealth.

43. Statements made by Defendants were material in that they induced consumers into purchasing Garcinia Product and then misdirected customer complaints to Plaintiff BioHealth.

44. Defendants acted with the intent to defraud because they knew that such products were their own and not a product of Plaintiff BioHealth.

45.     Defendants used a wire communication to carry out an essential part of the scheme when they communicated with consumers via email and phone.

**COUNT V: UNFAIR COMPETITION UNDER LANHAM ACT §43(A)**

46.     Plaintiffs reallege all of the above paragraphs of this Complaint.

47.     Defendant further has used the BIOHEALTH trademark to advertise and deceive consumers about the Garcinia Product, leading consumers to believe that Plaintiff BioHealth sold the Garcinia product.

48.     These false claims deceived or had the capacity to deceive consumers as to the origin of the Garcinia Product.  In fact, a number of customers contacted Plaintiff BioHealth via email and phone calls with regard to returning products, cancelling orders or lodging complaints about the Garcinia Product.

49.     Defendants' statements were material misrepresentations likely to influence consumer-purchasing decisions, because consumers are now likely to believe that Plaintiff BioHealth produces the Garcinia Product.

50.     The Garcinia Product has been sold in interstate commerce.

51.     Plaintiff BioHealth has and is likely to be injured by Defendants' false statements, as consumers are likely to believe that Plaintiff BioHealth produces the Garcinia Product, which will have a negative effect on Plaintiff BioHealth's good name and Plaintiff BioHealth's actual product line.

**COUNT VI:  CLAIM FOR COMMON LAW UNFAIR COMPETITION**

52.     Plaintiffs reallege all of the above paragraphs of this Complaint.

53.     Defendants further have initiated an administrative proceeding to cancel Plaintiffs' BIOHEALTH trademark, registration no. 85342373, alleging that Defendants are damaged by Plaintiffs' use of the mark.

54.     Defendants' wrongful and baseless accusations have created a cloud on Plaintiff's title to the trademark.

55. As a result of Defendants' past and continued wrongful acts, Plaintiffs have incurred damages in an amount to be proved at trial, including compensation for Plaintiffs' time, effort and attorneys' fees in defending against Defendants' baseless claims, and in prosecuting this action.

### COUNT VII: CLAIM FOR UNFAIR COMPETITION
### UNDER CAL. BUS. & PROF. CODE SEC. 17200

56. Plaintiffs reallege all of the above paragraphs of this Complaint.

57. Defendants' wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injure its business, in violation of section 17200 of the California Business and Professions Code, *et seq*.

58. As a result of Defendants' past and continued wrongful acts, Plaintiffs have incurred damages in an amount to be proved at trial, including compensation for Plaintiffs' time, effort and attorneys' fees in defending against Defendant's baseless claims, and in prosecuting this action.

### COUNT VIII
### DECLARATORY JUDGMENT

59. Plaintiffs reallege all of the above paragraphs of this Complaint.

60. An actual claim or controversy exists as to the validity of Plaintiff IP Home's trademark registration number 4214998 for the BIOHEALTH mark, given Defendants' filing with the USPTO of a Petition to Cancel the same.

61. As the prior, registered user of the mark, Plaintiff IP Home is entitled to a declaration that its registration is valid, and that the Cancellation action should be dismissed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

a. a finding that Defendants have willfully infringed Plaintiff's BIOHEALTH trademarks;

Complaint - 12

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

b. a finding that Defendants have engaged in willful trademark counterfeiting;

c. a finding that Defendants have engaged in cybersquatting;

d. a finding that Defendants have engaged in wire fraud;

e. a finding that Defendants have engaged in unfair competition under the Lanham Act, Section 43(a);

f. a finding that Defendants have engaged in common law unfair competition;

g. a finding that Defendants have engaged in unfair competition under Cal. Bus. and Prof. Code. Sec 17200;

h. a finding that Plaintiff IP Home's trademark registration no. 4214998 is valid, and Defendants' USPTO Cancellation action against same shall be dismissed;

i. a temporary and/or permanent injunction against Defendants, prohibiting any further infringing conduct, and requiring corrective advertising;

j. an order for an accounting of Defendants' profits from the sale of infringing products;

k. an order transferring the Domain Names to Plaintiffs;

l. a finding awarding Plaintiffs monetary compensation for damages sustained by Defendants' wrongful actions as alleged in this Complaint;

m. an award of reasonable attorneys' fees and expenses; and,

n. such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that all issues in this case be decided by a jury.

Dated:      July 23, 2014                           RODENBAUGH LAW

Complaint - 13

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

By: *[signature: Mike Rodenbaugh]*

Mike Rodenbaugh
RODENBAUGH LAW
584 Market Street
San Francisco, CA 94014
Tel/fax: (415) 738-8087

Attorney for Plaintiffs